UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-CR-00021 |
| | ) | Chief Judge Haynes |
| WILLIAM WEAVER, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT PRELIMINARY ORDER OF FORFEITURE
## AS TO SUBSTITUTE ASSET 288 FARMSTEAD LANE, MT. JULIET, TN 37122

Based on the representations and agreements of the Government and Defendant William Weaver at the plea hearing in this matter, as evidenced by the plea agreement entered into between the parties and their signatures below, the Court finds as follows:

**WHEREAS**, on February 3, 2012, the Government filed a Five Count Information charging Defendant William Weaver, in pertinent part at Counts One and Two, with violations of 18 U.S.C. § 1343 (wire fraud).

**WHEREAS**, the forfeiture allegation of the Information gave notice pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) that upon conviction of the wire fraud offenses alleged in Counts One and Two, Defendant William Weaver shall forfeit any and all property, real or personal, obtained directly or indirectly as a result of the scheme or artifice to defraud as alleged in each count, and which constitutes or is derived from proceeds traceable to each violation.

**WHEREAS,** the forfeiture allegation of the Information also gave notice to Defendant William Weaver that in the event the $2,540,084.96 in proceeds, as a result of any act or omission of William Weaver:

   a.   cannot be located upon the exercise of due diligence;
   b.   has been transferred or sold to, or deposited with, a third party;
   c.   has been placed beyond the jurisdiction of the court;
   d.   has been substantially diminished in value; or
   e.   has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant William Weaver up to $2,540,084.96;

**WHEREAS,** Defendant William Weaver has entered into a Plea Agreement with the United States wherein he has pled guilty to Counts One and Two of the Information and the Court has accepted the Plea Agreement;

**WHEREAS,** an Order of Forfeiture Consisting of $2,503,084.96 Money Judgments as to Counts One and Two has been entered against Defendant William Weaver;

**WHEREAS,** Defendant William Weaver acknowledges, via his Plea Agreement, his signature below, and the transfer of his interest in the following real property via Quit Claim Deed, that his interest in the following real property is subject to forfeiture (up to $2,503,084.96) as a substitute asset to satisfy the money judgment, and that the net proceeds from the sale of the property will be credited against the agreed $2,503,084.96 money judgment:

Real property commonly known as 288 Farmstead Lane, Mt. Juliet, Tennessee 37122 (Wilson County), including all improvements thereon and appurtenances thereto, which is more particularly described as follows:

Land located in the 2nd Civil District of Wilson County, Mt. Juliet, Tennessee on the southeasterly margin of the Tennessee Central Railway R.O.W., east of Farmstead Lane Described according to a

2

boundary survey dated 4-16-07 by Campbell, McRae and Associates Surveying, Inc. (John Hood TN. R.L.S.#1838)

More particularly as follows:

Beginning at an iron rod (new) in the southeasterly right-of-way of the Tennessee Central Railway, said rod being the northwest corner of the Kevin W. Warren and Laurie A. Warren Land (Book 453, Page 492 R.O.W.C., TN.) further described as tract 36, survey of the Roger and Sandra Kaiser Property (Plat Book 21, Page 483 R.O.W.C., TN.) and located N 25E25'33" E 442.39 feet from an iron rod (old) in the easterly margin of Farmstead Lane at said Warren's southwest corner; thence with said railroad right-of-way with a curve to the right 400.61 feet, said curve having an included angle of 17E24'04", a radius of 1319.07 feet and a chord bearing and distance of N 46E40'08" E 399.07 feet to a point; thence N 54E23'37" E 192.47 feet to an iron rod (new), said rod being the southwest corner of the James A. Young Land (Book 435, Page 230 R.O.W.C., TN.); thence leaving said railroad right-of-way with said Young (fenced)

S 86E22'45" E 776.41 feet to an iron rod (old);thence continuing with said Young and said fence

S 04E38'46" W 401.05 feet to an iron rod (old) in the northerly line of said Warren; thence with said Warren and the meanders of an existing fence

N 87E12'55" W 135.28 feet; thence

N 86E43'58" W 122.95 feet; thence

N 86E55'14" W 151.65 feet; thence

N 86E58'55" W 195.51 feet; thence

N 86E34'37" W 276.03 feet; thence

N 87E00'08" W 146.93 feet; thence

N 87E33'50" W 114.81 feet; thence

N 87E50'46" W 47.66 feet to the point of beginning containing 9.36 acres more or less.

Being a portion of the same property conveyed to Todd A. Marks and wife, Tisha D. Marks by Warranty Deed executed on February 14th, 1994, and filed for record on February 15, 1994, in Book 435, page 144, Register's Office for Wilson County, Tennessee.

Tisha D. Marks conveyed her share of the same property to Todd A. Marks by Quitclaim Deed executed on April 10, 2007, and filed for record on April 11, 2007, in Book 1241, Page 2132, Register's Office for Wilson County, Tennessee. Tisha D. Marks and Todd A. Marks are not divorced.

This is improved property known 288 Farmstead Lane, Mt. Juliet, Tennessee 37122.

(hereinafter referred to as "Farmstead Lane Property").

Now, therefore, upon the agreement of the parties, this Court makes the following findings:

1.      There is a preponderance of the evidence that the proceeds of the scheme to defraud as set forth in the offenses to which Defendant William Weaver has pled guilty in this matter are $2,503,084.96.

2.      $2,503,084.96 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the scheme or artifice to defraud as charged in Counts One and Two of the Information, and which constitutes or is derived from proceeds traceable to each violation.

3.      As a result of Defendant William Weaver's act(s) or omission(s), the $2,503,084.96 in proceeds obtained as a result of the scheme or artifice to defraud to which Defendant William Weaver has pled guilty, with the exception of the Legends Crest property, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18

4

U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $2,503,084.96.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

    A.      A Consent Preliminary Order of Forfeiture as to the Substitute Asset Farmstead Lane is hereby taken against Defendant William Weaver as a substitute asset to satisfy the money judgment. Pursuant to Federal Rules of Criminal Procedure, Rule 32.2(b)(4), this Consent Order of Forfeiture as to the Substitute Asset Farmstead Lane shall become final as to the defendant at the time of sentencing, by his consent, and shall be made part of the sentence and included in the judgment.

    B.      Upon the entry of this Consent Preliminary Order of Forfeiture as to Substitute Asset Farmstead Lane, the Attorney General (or his designee) is authorized to enter the Farmstead Lane Property for the purpose of conducting an inspection and inventory and to conduct an appraisal. Specifically, the United States Marshals Service (or its designee) is hereby authorized:

        a.      To enter the Farmstead Lane Property, including any structures, on one or more occasions during the pendency of this ancillary proceeding for the purpose of conducting an inspection and inventory and appraisal

        b.      To be accompanied on any such occasion by any appraiser(s) selected by it for the purpose of appraising the condition and value of the Farmstead Lane Property, which appraisal may include, among other means, still and video photography, and

        c.      To be accompanied on any such occasion by any government and contract personnel selected by it for the purpose of conducting an inspection and

inventory, which inspection and inventory may include, among other means, still and video photography, and

d.  To be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of personnel acting under this Order.  Any interference with anyone acting under the authority of this Order shall be deemed a violation of a Court order and may be punished as a contempt, or as a violation of 18 U.S.C. § 2232, or otherwise as provided by law.

e.  Upon entry of this Consent Preliminary Order as to Substitute Asset Farmstead Lane, the Attorney General (or his designee) is authorized to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

C.  Upon entry of this Consent Preliminary Order of Forfeiture as to Substitute Asset Farmstead Lane, the Attorney General (or his designee) and/or the Secretary of the Treasury (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

D.  Upon the issuance of this Consent Preliminary Order of Forfeiture as to Substitute Asset Farmstead Lane forfeiting the defendant's interest in the Farmstead Lane Property, the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or his designee) may direct.  The United States shall also, to the

6

extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

E.     Any person, other than the above named defendant, asserting a legal interest in the Farmstead Lane Property shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Farmstead Lane Property, and for an amendment of the order of forfeiture.

F.     Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Preliminary Order of Forfeiture as to Substitute Asset Farmstead Lane shall become final as to the defendant at the time of sentencing, by his consent, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

G.     Any petition filed by a third party asserting an interest in the Farmstead Lane Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Farmstead Lane Property, any additional facts supporting the petitioner's claim and the relief sought.

H.     After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

I.     The United States shall have clear title to the Farmstead Lane Property following the Court's disposition of all third party interests, or, if none, following the expiration of the

7

period provided by 28 U.S.C. § 2461(c) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

J.    The Consent Preliminary Order of Forfeiture as to Substitute Asset Farmstead Lane shall be recorded in the records of the Wilson County Clerk's Office.

K.    The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this _21st_ day of _May_, 2013.

_____
WILLIAM J. HAYNES, JR.
United States Chief District Judge

APPROVED FOR ENTRY:

DAVID RIVERA
United States Attorney
Middle District of Tennessee

s/ Debra Teufel Phillips
Debra Teufel Phillips, BPR 011706
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
615-736-5151
Attorneys for the United States of America

s/ William Weaver (with permission)
Defendant William Weaver

s/ Aubrey B. Harwell, III (with permission)
Aubrey B. Harwell, III
Neal & Harwell
150 Fourth Avenue, N
2000 First Union Tower
Nashville, TN 37219-2498
(615) 244-1713
Attorney for Defendant William Weaver

8